UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE
*Electronically Filed*

| | | |
|---|---|---|
| IN RE: | ) | |
| CHERRELLE WALTER, | ) | Case No. 22-31209 |
| Debtor, | ) | Chapter 13 |
| CHERRELLE WALTER, | ) | |
| Plaintiff, | ) | AP No. 24-3012-crm |
| v. | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION TO DISMISS**

Defendant, the United States of America, on behalf of its agency the U.S. Department of Education ("Education"), by counsel, moves to dismiss this adversary proceeding because Plaintiff, Cherrelle Walter ("Debtor"), cannot discharge her post-petition student loan in her Chapter 13 bankruptcy. As a result, Debtor's claim against Education fails at the outset as a matter of law, and there is no need to engage in the undue hardship analysis under 11 U.S.C. § 523(a)(8).

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2. Debtor commenced a Chapter 13 bankruptcy by filing a petition for relief with this Court on June 28, 2022 in Case No. 22-31209 (the "Bankruptcy")

3. When Debtor filed the Bankruptcy, her Schedule E/F disclosed that she had six student loans serviced by Navient Solutions. *See* Schedule E/F (Bankruptcy DN 1), pgs. 33-35.

4. Debtor filed a Plan in her Bankruptcy on June 28, 2022, but that Plan made no mention of or reference to Debtor's student loans. *See* Plan (Bankruptcy DN 2).

5. Education filed two Proofs of Claim in Debtor's Bankruptcy. First, on July 8, 2022, Navient Solutions, LLC, on behalf of Ascendium Education Solutions, filed Proof of Claim No. 2-1 in the total amount of $2,218.44. Second, on September 15, 2022, Aidvantage, on behalf of Education, filed Proof of Claim No. 13-1 in the total amount of $18,304.45.

6. In Debtor's Bankruptcy, the Court entered an Order of Confirmation (Bankruptcy DN 12) on August 3, 2022, confirming Debtor's sixty month plan and requiring bi-weekly payments of $203. The Order of Confirmation provided that all student loans would be paid outside the Plan. *See* Order of Confirmation (Bankruptcy DN 12).

7. Three months after Debtor filed her Chapter 13 bankruptcy, Debtor consolidated her student loans.

8. On September 26, 2022, Debtor signed a Direct Consolidation Loan Application and Promissory Note ("Consolidation Note"), a copy of which is attached as **Exhibit A**. In that Note, Debtor applied to consolidate six student loans held by the Department of Education and Ascendium Education Solutions, Inc. *Id.* The Consolidation Note further explained that upon receipt of the signed document, Education would review the information and then provide Debtor with a notice, explaining which loans could be consolidated and a deadline for Debtor to cancel the consolidation. *Id.* at pg. 2. In a heading entitled "**PROMISE TO PAY,**" Debtor was informed that the Consolidation Note was "a legally binding contract . . . ." *Id.* at pg. 2.

9. After Education received Debtor's Consolidation Note, Education sent a letter to Debtor dated September 29, 2022, a copy of which is attached as **Exhibit B**. This letter explained that Debtor's application had been processed, Debtor's loans were eligible for consolidation, and that Debtor had "10 business days from the date of this letter to contact" Education to correct any information, make changes, or cancel the consolidation. *Id.*

10. Debtor did not cancel the consolidation of her student loans by the deadline. Accordingly, Education sent Debtor a letter dated October 20, 2022 congratulating Debtor on her new consolidation loan and discussing potential repayment options. A copy of this letter is attached as **Exhibit C**. The October letter explained that Debtor now had one loan of $20,626.25 with an interest rate of 6.625% (the "Consolidation Loan"). *Id.* While Debtor's existing loans were combined into one Loan, the letter informed Debtor that the Loan may have separate account numbers, depending on whether the original loans were subsidized or unsubsidized. *Id.* Finally, the letter explained that Debtor's Consolidation Loan had been placed in administrative forbearance while the servicer processed Debtor's request to repay the Loan through Education's income-driven repayment plan. *Id.*

11. In connection with the Consolidation Loan, on October 20, 2022 Ascendium withdrew its Proof of Claim No. 2 in Debtor's Bankruptcy. *See* Proof of Claim No. 18 filed in Bankruptcy. Aidvantage has not withdrawn its Proof of Claim No. 13.

12. On May 1, 2024, Debtor instituted this adversary proceeding against Education, seeking to discharge her student loan pursuant to 11 U.S.C. § 523(a)(8). Debtor's Complaint alleges that she "owes $20,639 in student loans to the Department of Education" and that "Debtor cannot presently maintain a minimal standard of living if required to repay the student

loan." *See* Debtor's Complaint, ¶¶ 6-7.

13. After filing this adversary proceeding, Debtor submitted an attestation for the United States' consideration pursuant to the student loan guidance issued by the Department of Justice in November 2022. While the parties worked through the attestation process, the Court extended the United States' deadline to respond to the Complaint, continued the initial pretrial conference, and suspended any discovery deadlines. After reviewing Debtor's attestation and student loan information, the United States discovered that Debtor's Consolidation Loan was obtained post-petition and therefore cannot be discharged in Debtor's underlying Bankruptcy. Because of the unfortunate timing of events, the United States has no choice but to move to dismiss this adversary proceeding for failure to state a claim pursuant to Fed. R. Bankr. P. 7012(b), which incorporates Fed. R. Civ. P. 12(b).

14. When "reviewing a motion to dismiss a complaint for failure to state a claim upon which relief can be granted the trial court must '(1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true.'" *Teems v. Thomas (In re Thomas)*, Case No. 17-25100-L, 2018 Bankr. LEXIS 1734 at *7, 2018 WL 10323610 (Bankr. W.D. Tenn. 2018) (quoting *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 486 (6th Cir. 2009)). A court may dismiss a claim under Rule 12(b)(6) "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Spradlin v. East Coast Minor, LLC (In re Licking River Mining, LLC)*, 605 B.R. 153, 158 (Bankr. E.D. Ky. 2019) (quoting *Coyer v. HSBC Mortg. Servs.*, 701 F.3d 1104, 1107-1108 (6th Cir. 2012) (noting that same analysis applies to a motion to dismiss or motion for judgment on the pleadings)).

15. In ruling on a motion to dismiss, the court "may consider documents attached to, incorporated by, or referenced in the pleadings." *Licking River Mining*, 605 B.R. at 158 (citing Fed. R. Civ. P. 10(c)). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *See* Fed. R. Civ. P. 12(d). If the motion is converted to a summary judgment motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

16. Even assuming that all Debtor's allegations in the Complaint are true, she is not entitled to the relief requested against Education because Debtor cannot discharge her post-petition Consolidation Loan through her Chapter 13 Bankruptcy.

17. Section 523(a)(8) of the Bankruptcy Code provides that "[a] discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . unless excepting such [student loan] debt . . . would impose an undue hardship on the debtor and the debtor's dependents . . . ." 11 U.S.C. § 523(a)(8).

18. Since Debtor filed a Chapter 13 bankruptcy, her discharge is controlled by 11 U.S.C. § 1328. That section provides that "[a]s soon as practical after completion of debtor of all payments under the plan, . . . the court shall grant the debtor a discharge of all debts provided for by the plan . . . ." 11 U.S.C. § 1328(a).

19. Here, for purposes of § 1328, Debtor's Plan did not provide for her student loans, including her original loans or the Consolidation Loan. "The term 'provided for' is not defined in the Bankruptcy Code or explained in its legislative history." *In re Smith*, 192 B.R. 712, 714 (Bankr. E.D. Tenn. 1996). "Courts have, however, in interpreting the scope of a discharge under § 1328(a), held that the phrase "provided for" simply requires that . . . the plan must 'make a

provision for' it, *i.e.,* deal with it or refer to it." *Id.* (internal citations omitted). Debtor's Plan did not mention, refer to, or deal with her student loans in any way; as a result, the student loans cannot be discharged under § 1328.

20. Furthermore, Debtor's Plan could not provide for Education's Consolidation Loan because the Loan did not exist when the Plan was proposed in June 2022. The Sixth Circuit has previously determined that a consolidation student loan extinguishes the existing loans and creates a new loan. *See Rudnicki v. Southern College of Optometry (In re Rudnicki)*, 228 B.R. 178, 181 (6th Cir. 1999) (citing 20 U.S.C. § 1078); *see also Grubin v. Sallie Mae Servicing Corp. (In re Grubin)*, 476 B.R. 699 (Bankr. E.D.N.Y. 2012) (denying discharge of post-petition consolidation loan in Chapter 7 bankruptcy). Thus, when Debtor consolidated her student loans in the fall of 2022, she extinguished the existing loans and created a new, post-petition obligation that could not be addressed in her June 2022 Plan.

21. Finally, unfortunately Debtor cannot rely on other Code provisions to wrestle Education's post-petition Consolidation Loan into her Bankruptcy and any future discharge.

22. In some instances, a post-petition obligation can be discharged through a Chapter 13 Bankruptcy. Section 1322(a)(6) provides that a "plan may . . . provide for the payment of all or any part of any claim allowed under section 1305 of this title . . . ." 11 U.S.C. § 1322(a)(6). Section 1305 deals with the filing and allowance of post-petition claims and that section permits a creditor to file a claim for post-petition taxes or a consumer debt, so long as the consumer debt was approved by the trustee (if practicable) and "is for property or services necessary for the debtor's performance under the plan." 11 U.S.C. § 1305(a). The creditor has complete discretion about whether to file a § 1305 claim for payment of a post-petition debt. *In re Goodman*, 136

B.R. 167, 169 (Bankr. W.D. Tenn. 1992); *see also In re Trentham*, 145 B.R. 564, 567 (Bankr. E.D. Tenn. 1992).

23. Here, even if Debtor could modify the Court's Order of Confirmation to provide for post-petition debts, Education's Consolidation Loan does not satisfy the requirements of § 1305. The Consolidation Loan is not a tax claim as required by § 1305(a) and the Consolidation Loan does not qualify for treatment under § 1305(b), which requires that the debt be approved by the trustee and relate to "property or services necessary for the debtor's performance under the Plan." Debtor did not get approval from the Chapter 13 Trustee to obtain Education's Consolidation Loan, and Debtor has not alleged that the Consolidation Loan was necessary to complete her Chapter 13 bankruptcy. Thus, even if Education were inclined to file a post-petition claim, Education's Consolidation Loan does not satisfy the requirements of § 1305.

24. Since Debtor cannot discharge her student loans pursuant to § 1328, Debtor's Complaint against Education should be dismissed as a matter of law. It is unnecessary to address whether Debtor could satisfy the undue hardship standard in § 523(a)(8) because, even if repayment of the Consolidation Loan resulted in an undue hardship, Debtor is not entitled to a discharge of the Loan in the first instance.

For these reasons, the United States respectfully requests dismissal of Debtor's claims asserted in this adversary proceeding and for all other relief to which it may be entitled.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*s/ Katherine A. Bell*
Katherine A. Bell
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
Phone: (502) 582-5094
Fax: (502) 625-7110
Email: Katherine.bell@usdoj.gov

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was filed on December 20, 2024 using the Court's electronic filing system, which will automatically provide electronic notice to Debtor's counsel and all other parties requesting notice in this adversary proceeding.

*s/ Katherine A. Bell*
Katherine A. Bell
Assistant U. S. Attorney